IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLY L. PITTMAN,<br><br>    Plaintiff<br><br> VS.<br><br>JOANNE B. BARNHART,<br>S.S. Commissioner,<br><br>    Defendant | NO. 5:04-CV-209 (CWH)<br><br>SOCIAL SECURITY APPEAL |

## O R D E R

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

On June 7, 2002, plaintiff filed an application for Disability Insurance Benefits and Period of Disability. She alleged disability commencing on April 11, 2001, due to agoraphobia, panic attacks, depression, migraine headaches, herniated disc, thyroid disorder, and osteoarthritis. The application was denied initially and after further review. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 et seq.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds or reversal. *Id*.

## DISCUSSION

In this appeal, the plaintiff contends that substantial evidence does not support the Commissioner's decision because the Administrative Law Judge (ALJ) erred in rejecting the opinion of her treating physician and failed to evaluate the combined effects of her physical and mental limitations.

### 1. Review of Medical Evidence

After careful review, the Court accepts the Commissioner's evaluation of the evidence as set out in the decision of the ALJ. Among other evidence, the ALJ noted that plaintiff suffers from morbid obesity, low back pain due to a small disc protrusion, degenerative joint disease of the right knee, and depression  R. 18-27.

### 2. Treating Physician's Opinion

The plaintiff contends that the Commissioner improperly discounted the opinion of her treating physicians Dr. Clay. Specifically, the plaintiff alleges that the ALJ erred in assessing his diagnoses of her medical conditions.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Oldham, supra*, at 1084. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

The ALJ did note that Dr. Dwayne Clay, a psychiatrist, diagnosed plaintiff with having a herniated disc at L3-4 which involved the neural foramina and lumbar radiculopathy. R. 20. However, the ALJ properly discounted this opinion. In support of this, the ALJ noted that Dr. Smisson diagnosed plaintiff with mild facet hypertrophy in the lower lumbar spine. There was no evidence of a focal disc extrusion or significant canal extrusion. Dr. Smisson recommended conservative treatment. ALJ properly found Dr. Smisson assessment more credible because he specialized in neurology. *Id*.

Plaintiff also claims that the ALJ ignored evidence that Dr. Clay opined on December 26, 2002, that plaintiff was disabled. However, this opinion was only submitted to the Appeals Council and not the ALJ.

New evidence submitted to the Appeals Council is part of the record on appeal. *Keeton v. Dept. of H.H.S.,* 21 F.3d 1064, 1066-67 (11th Cir. 1994). However, when the Appeals Council has denied review, the court can only look to the evidence actually presented to the ALJ in determining whether his decision is supported by substantial evidence. *Falge v. Apfel*, 150 F.3d 1320,(11th Cir. 1998).[2]

---

[2] When the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Commissioner, but when the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner. Keeton, 21 F.3d at 1066.

Evidence submitted to the Appeals Council can be considered when evaluating whether a case should be remanded under sentence six, provided the plaintiff establishes good cause for failure to submit the evidence to the ALJ. *Id*. A judicial determination of whether new evidence renders a remand to be appropriate is a de novo proceeding. *Smith v. Bowen*, 792 F.2d 1547, 1550 (11th Cir. 1986). In order to prevail on her contention that a remand is proper the claimant must establish that there is new, noncumulative, material evidence; that there is a reasonable possibility that it would change the administrative result; and, that there was good cause for failure to submit the evidence at the administrative level. *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987).

In the present case, plaintiff cannot show that the new evidence from Dr. Clay would change the administrative result as Dr. Clay's opinion does not relate to the time prior to the expiration of her insured status. Further, plaintiff has not shown good cause for her failure to submit the evidence to the ALJ. Moreover, as previously noted, Dr. Clay's assessment contradicts that of Dr. Smisson who was found to be more credible by the ALJ.

In the undersigned's view, the Commissioner properly evaluated the evidence from plaintiff's treating physician.

### 3. Combination Of Impairments

The plaintiff contends that the Commissioner made an improper combination of impairments finding. Specifically, the plaintiff alleges that the ALJ erred in failing to evaluate her obesity and her mental and physical impairments.

A reading of the ALJ's decision in this case shows that he did properly consider the combination issue in accordance with the law of this circuit. R. 15. *See Jones v. Dept. of H.H.S.*, 941 F.2d 1529, 1533 (11th Cir. 1991). Consequently, the court discerns no error committed by the ALJ here. The ALJ specifically considered plaintiff's obesity. He noted that despite plaintiff's contentions of debilitating obesity, she was able to walk 1-2 miles a day for several months after she alleged the onset of disability. R. 22. Further, no physicians imposed restriction on plaintiff that precluded her from working within the residual functional capacity (RFC) assessment made by the ALJ. Moreover, the ALJ specifically stated that he considered her impairments in combination when determining her RFC. This included her mental limitations.

In the undersigned's view, the ALJ properly considered plaintiff's combination of impairments.[3]

Accordingly, IT IS ORDERED that the Commissioner's decision be **AFFIRMED.**

SO ORDERED, this 17th day of AUGUST, 2005.



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff also contends that the ALJ improperly applied a "sit and squirm" analysis when he considered her demeanor at the hearing. There is no merit in the plaintiff's in this contention. A review of his decision (R.18-27) reveals that the ALJ only relied on the plaintiff's demeanor and appearance during the hearing as one factor, among many others, for discrediting her subjective testimony. *See Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985).